IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20602
Conference Calendar

_____

RICKIE LYNN GRAVES,

                                        Plaintiff-Appellant,

versus

GEORGE ARANDA,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CV-2975
- - - - - - - - - -
April 16, 1997

Before REAVLEY, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Rickie Lynn Graves, # 645074, appeals the dismissal of his 42 U.S.C. § 1983 civil rights complaint. He has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The motion for leave to appeal IFP is GRANTED.

A partial filing fee of $2.14 is required. See 28 U.S.C. § 1915(b)(1). The agency having custody of Graves is directed to forward payment of the partial filing fee from his prisoner

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

account to the clerk of the district court.  Graves shall also make monthly payments of twenty percent of the preceding month's income credited to his account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of Graves is directed to forward payments from his prisoner account to the clerk of the district court each time the amount in his account exceeds $10 until the filing fee of $105 is paid.  See id.

Graves argues that the indigent mail policies of TDCJ-ID limiting the hours of access to indigent postage and allowing recoupment of funds from inmate accounts are unconstitutional limits on inmates' access to courts.  These policies have been previously approved.  See Guajardo v. Estelle, 568 F. Supp. 1354, 1363 (S.D. Tex. 1983) and Guajardo  v. Estelle, 580 F.2d 748, 762-63 (5th Cir. 1978).

Graves' appeal is without arguable merit and, thus, frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  See 5th Cir. R. 42.2.  Graves is cautioned that any future frivolous appeals filed by him or on his behalf will invite the imposition of sanctions.  Graves is cautioned further to review any pending appeals to ensure that they do not raise arguments that are frivolous.

IFP GRANTED; APPEAL DISMISSED; SANCTION WARNING ISSUED.